April 18, 1975.

M. P. No. 75-26. IN RE GUNNING, LAFAZIA, GNYS & SELYA, INC. The petitioners here are two attorneys, Bruce M. Selya and Anthony G. Iannuccillo. As shareholders of the above-entitled professional service corporation, they ask this court to appoint a board of appraisers to determine the fair market value of their respective shares of stock. The petition is filed pursuant to the provisions of G. L. 1956 (1969 Reenactment) §7-5.1-5. The respondents who are the remaining shareholders have filed a motion to dismiss the instant petition on the basis that the corporate bylaws provide that if a shareholder leaves

the corporation to compete in the practice of law within the State of Rhode Island such a shareholder waives "his right to any accounting and any other remedies, legal or equitable." The petitioners, who on December 5, 1974 withdrew from the corporation and entered into a partnership devoted to the practice of law, have filed an answer to the motion in which they deny the existence of any bylaw or any agreement which would bar them from invoking the provisions of §7-5.1-5. Oral argument on this petition, the motion to dismiss and the answer produced nothing but further disagreement between the parties.

It is obvious that before resort can be had to the statute, there is a factual determination to be made. Accordingly, it is hereby ordered and decreed that:

1. Retired Associate Justice William E. Powers is hereby appointed as a master to hear and determine all questions of fact relating to the adoption of any corporate bylaw or the entering into of any agreement whereby either petitioner might be deemed to have waived any right to invoke the provisions of §7-5.1-5.

2. The master shall forthwith schedule a meeting with the parties and their counsel. He shall have the authority to compel the production of books, records, and papers, to summon witnesses and to hear evidence upon all issues relevant to the matter referred to him in this controversy. A stenographic transcript will be kept of all hearings held by the master.

3. The master shall, with all due dispatch, resolve the factual issues presented to him and make a report to this court of his findings. He will transmit copies of his report to the parties or their counsel.

4. The parties shall file any objections to the report within 10 days after its receipt.

5. The expenses incurred by the master, including his fee, shall be borne by the parties. One half shall be paid

by the petitioners with the other half being paid by the respondents. Each payment will be made within 15 days of the master's report.

Entered as the order of this court this 18th day of April, 1975. *Bruce M. Selya*, pro se, *Anthony G. Iannuccillo*, pro se, petitioners. *Melvin A. Chernick*, for respondents.